# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv122

| | |
|---|---|
| CHEVRON INTELLECTUAL PROPERTY LLC; and CHEVRON U.S.A. INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| Vs. | ) ORDER<br>) |
| JUDY SMITH, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(c) and on the Consent Motion for Order on Settlement. With the exception of a provision that would require defendant to provide the court with a post case termination report as to how she complied with all the terms of the agreement, the proposed Consent Order will be entered upon a finding a good and adequate cause that the terms of such agreement are in compliance with law and are imminently reasonable. As to the requirement of a report, such report shall instead be made to counsel for plaintiffs, and if counsel for plaintiffs is unsatisfied with defendant's efforts, plaintiffs may apply to this court to reopen this matter and enforce the Consent Order through the court's contempt power.

## CONSENT ORDER OF DISMISSAL

**IT IS, THEREFORE, ORDERED** as follows:

1. **Judy Smith and all her employees, agents, successors, assigns, persons**

**acting on her behalf, in concert with her, or under her influence or control (all collectively "Defendant"), are hereby permanently enjoined from:**

All display, promotion or other uses of any trademark, service mark, trade name, or other designation of source or origin in connection with the promotion, distribution, and/or sale of Defendant's petroleum, motor vehicle, convenience store, and related goods and services in or at any location, including, but not limited to, Defendant's business facilities, that are the same as or confusingly similar to any of the following trademarks, service marks, or trade names of Chevron Intellectual Property LLC and Chevron U.S.A. Inc. ("Plaintiffs"):

1. TEXACO (U.S. Trademark Registration No. 794,947, registered August 24, 1965) for "gas station services;"

2. TEXACO (U.S. Trademark Registration No. 1,209,440, registered September 21, 1982) for "motor and aviation gasolines, jet fuels, diesel fuels, kerosines, fuel oils, home heating oils, lubricating oils and greases;"

3. Star T Design (U.S. Trademark Registration No. 1,315,019, registered January 15, 1985) for "gas station services;"

4. Star T Design (U.S. Trademark Registration No. 1,222,305, registered January 4, 1983) for "gasoline;"

5. TEXACO and Star T Design (U.S. Trademark Registration No. 1,315,020, registered January 15, 1985) for "gas station services;"

6. TEXACO and Star T Design (U.S. Trademark Registration No. 1,222,306, registered January 4, 1983) for "gasoline;"

7. Service Station Canopy Design (U.S. Trademark Registration No. 2,259,016, registered July 6, 1999) for "gas station services;"

8. Gasoline Pump Design (U.S. Trademark Registration No. 2,251,166, registered June 8, 1999) for "gas station services;"

9. Building Design (U.S. Trademark Registration No. 2,264,612, registered July 27, 1999) for "automobile service, station services; automotive maintenance and repair services; automotive lubrication and oil change services;"

10. POWER PLUS for gasoline; and

11. POWER PREMIUM for gasoline.

(Collectively "Plaintiffs' Marks"; copies of the respective U.S. Trademark Registrations for the above marks are attached hereto as Exhibits 1 through 9.) Defendant's

business facilities include the following: Defendant's physical facilities and surrounding grounds from which Defendant renders services and sells products related to petroleum, motor vehicles, and convenience stores (presently one facility located at 494 Pigeon Street, Waynesville, North Carolina 28786 (also the "Smith premises"); and all other documents and property of Defendant located or used at or in connection with the facility at 494 Pigeon Street, Waynesville, North Carolina 28786.

**2. Defendant is also hereby permanently enjoined from:**

Making any statements or representations, or performing any acts, in connection with the promotion, distribution, and/or sale of Defendant's related goods and/or services that are likely to lead the public or individual members of the public to believe that Defendant or her related goods and/or services offered for sale at Defendant's business facilities are in any manner, directly or indirectly, associated, affiliated, or connected with or licensed, sponsored, authorized, supplied, provided, or approved by Plaintiffs.

**3. In fulfilling their obligations under this Order, Defendant shall affirmatively undertake and complete the following actions within thirty (30) days after the date of this Order:**

(a) Defendant shall permanently remove from the Smith premises and destroy all exterior and interior signage that bears Plaintiffs' Marks or any marks confusingly similar thereto.

(b) Defendant shall permanently remove from the Smith premises and destroy all products, exterior and interior signs, banners, posters, prints, labeling,

packaging, clocks, merchandise, labels, signs, wrappers, receptacles, invoices, stationery, labels, floor mats, advertising materials, promotional materials, point-of-purchase materials, bay signs, and any other tangible items which bear or make any reference to Plaintiffs' Marks or any marks confusingly similar thereto.

(c)    Defendant shall permanently and completely repaint the interior and exterior of her business facilities, including, but not limited to, the canopy at her facilities, to eliminate all uses and display of: a red line or stripe over a black background, and any other of Plaintiffs' registered trade dress, or trade dress confusingly similar thereto, as shown in U.S. Registration Nos. 2,259,016; 2,251,166; and 2,264,612.

(d)    Defendant shall further be in full and permanent compliance with each and all of the requirements set forth in the "Texaco De-branding Checklist" attached hereto as Exhibit 10.

(e)    Defendant shall cease all use of any domain names containing Plaintiffs' Marks or any terms confusingly similar thereto.  Defendant shall permanently remove from her Internet websites and related electronic media all metatags, keywords for Internet search engines, post URL or forwarding commands, hyperlinks, and any other electronic coding that use Plaintiffs' Marks or any terms confusingly similar thereto.

(f)    Defendant shall formally and permanently change all of her trade names, fictitious names, DBA's, and all other commercial names and designations used

and/or registered by Defendant in the State of North Carolina or elsewhere to names that do not contain Plaintiffs' Marks or any terms confusingly similar thereto.

(g) Defendant shall formally request and secure the permanent result that all telephone listings and other directories, both personal and commercial, change the name in the current listings for Defendant's business facilities to a name that does not contain Plaintiffs' Marks or any terms confusingly similar thereto.

(h) Defendant shall permanently remove and destroy all other appearances and uses of Plaintiffs' Marks or any terms confusingly similar thereto in connection with the promotion, distribution, and/or sale of Defendant's related goods and services that are not otherwise addressed in this Order, including but not limited to, invoices, price lists, credit applications, coupons, photographs, website pages and other Internet-related uses, and uses in text.

**4. Defendant shall, within sixty (60) days after the date of this Order serve on Plaintiffs' counsel a written report signed by Judy Smith, setting forth in detail the manner in which the Defendant has fully complied with each aspect of this Order and injunction.**

5. The above-captioned proceeding is hereby **DISMISSED**.

6. The Clerk of this court is directed to close and terminate this proceeding; however, the court retains jurisdiction to enforce this agreement and any collateral matter involving this Order upon motion of any party to reopen therein showing that any term of this Order has been violated.

All parties are cautioned that this court will enforce this Order through contempt. Parties may apply to the court for such direction, Order or further decree as may be appropriate for construction, enforcement or for the punishment of any violation hereof, or for such additional relief as may become necessary to fully realize the intentions of this Order.

Signed: August 12, 2007

Dennis L. Howell
United States Magistrate Judge